IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WAN XIN JIANG, )
)
         Petitioner, )
)
v. ) Case No. 26-3006-JWL
)
C. CARTER, Warden, FCI-Leavenworth; )
UNKNOWN DEPORTATION OFFICER; )
TODD LYONS, Acting Director, ICE; )
PAMELA BONDI, Attorney General; and )
KRISTI NOEM, Secretary, )
  Department of Homeland Security, )
)
         Respondents. )
)
_____)

## **MEMORANDUM AND ORDER**

Petitioner, acting *pro se*, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials. For the reasons set forth below, the Court **grants** the petition. Respondents shall release petitioner from custody, subject to an appropriate order of supervision, by **March 9, 2026**, and shall provide notice to this Court when that release is effected.

Petitioner is a native and citizen of China. Petitioner initially entered the United States in 1990 as a lawful permanent resident. From 1997 to 2000, petitioner was convicted several times of theft in Illinois state court. In 2004, immigration officials initiated removal proceedings, and in 2006 an immigration judge ordered petitioner's removal to China, which decision was upheld on appeal. Petitioner did not depart the United States, however,

and officials eventually took petitioner into custody on May 23, 2025. Petitioner is presently detained within this judicial district. On January 12, 2026, petitioner filed the instant habeas action; respondents have filed an answer to the petition, and petitioner has filed a traverse, and the matter is therefore ripe for ruling.

Petitioner claims that his continued detention by immigration authorities is improper. To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).

Generally, when an alien is ordered removed, the removal is to occur within a period of 90 days, referred to as the "removal period." *See* 8 U.S.C. § 1231(a)(1)(A). This period began for present purposes on May 23, 2025, when petitioner was taken into custody. Specifically, petitioner claims that, after more than six months since the beginning of the removal period, his detention has become unreasonably indefinite, and that his release is therefore required under the framework set forth by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001).

In *Zadvydas*, the Supreme Court noted that an alien must be detained during the 90-day removal period and that the Government may continue to detain an alien after that period or release the alien under supervision. *See id.* at 683 (citing 8 U.S.C. § 1231(a)(2), (6)). The Court held, however, that "once removal is no longer reasonably foreseeable,

continued detention is no longer authorized by the statute." *See id.* at 699. The Court elaborated on that standard as follows:

> In answering that basic question, the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal. Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute. In that case, of course, the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions. . . .
>
> We recognize, as the Government points out, that review must take appropriate account of the greater immigration-related expertise of the Executive Branch, of the serious administrative needs and concerns inherent in the necessarily extensive INS efforts to enforce this complex statute, and the Nation's need to "speak with one voice" in immigration matters. But we believe that courts can take appropriate account of such matters without abdicating their legal responsibility to review the lawfulness of an alien's continued detention.

*See id.* at 699-700 (citations omitted). The Supreme Court then established a presumptively reasonable detention period of six months in which to accomplish removal, after which the reasonableness of an alien's detention should be determined as follows:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*See id.* at 701; *see also, e.g.*, *Anyimu v. Department of Homeland Security*, 2017 WL 193180, at *2-3 (D. Kan. Jan. 18, 2017) (Lungstrum, J.) (applying this framework); *Kaliku v. United States Immigration and Customs Enforcement*, 2024 WL 4854523, at *2-3 (D. Kan. Nov. 21, 2024) (Lungstrum, J.) (same); *Vargas v. Noem*, 2025 WL 2770679, at *2-3 (D. Kan. Sept. 29, 2025) (Lungstrum, J.) (same).

The Court finds that petitioner has met his burden to provide "good reason to believe that there is no significant likelihood of [his] removal in the reasonably foreseeable future." Nine months have elapsed since the start of the removal period, a significant period of time beyond the six-month period deemed presumptively reasonable by the Supreme Court. Moreover, respondents have not disputed petitioner's contention that, despite his cooperation (completing forms, providing information, sitting for an interview), officials have not provided information indicating that petitioner will be removed to China in the foreseeable future.

The Court further finds that respondents have not rebutted that showing. Respondents' declarant states that China requires a travel document for petitioner; that in October 2025 the matter was presented to Chinese authorities for nationality verification; and that once petitioner's identity is confirmed, a travel document request will be sent to Chinese authorities. The verification process remains pending, however, and neither respondents nor declarant has provided any information concerning this delay. Thus, respondents have not submitted any information or explanation concerning the likely duration of the verification process, the likelihood that that process succeeds, the likely duration of the subsequent document request process, or the likelihood that China will then

4

grant the request for a travel document.[1]  Thus, there is no basis for a finding that petitioner's removal likely will occur in the reasonably foreseeable future.[2]

In sum, respondents have not provided evidence that creates a significant likelihood that, even though officials have not succeeded in removing petitioner to China in almost nine months since they detained petitioner – and have not even received the first of two necessary responses from Chinese authorities – petitioner will nonetheless be removed in the reasonably foreseeable future.  Petitioner's detention has become unreasonably indefinite, and the Court therefore concludes that petitioner must be released, subject to appropriate terms of supervision.  *See Zadvydas*, 533 U.S. at 700.

Accordingly, the Court grants the petition for habeas relief, and respondents are ordered to effect petitioner's release by **March 9, 2026**.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **granted**.  Respondents shall release petitioner from custody, subject to an appropriate order of supervision, by **March 9, 2026**, and shall provide notice to this Court when that release is effected.

IT IS SO ORDERED.

Dated this 26th day of February, 2026, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

---

[1] Perhaps these matters are routine or are likely to succeed, but neither respondents nor declarant has provided any such information.

[2] In recent cases, this Court has decried the absence of such analysis or explanation despite the Court's repeated complaints to that effect.  *See, e.g.*, *Hassan v. Welsh*, 2026 WL 21234, at *3 (D. Kan. Jan. 5, 2026) (Lungstrum, J.).